IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| SSNN-2210 Midwest Road, LLC , | ) | Case No. 14 B 27048 |
| | ) | |
| Debtor. | ) | Hon. Pamela S. Hollis |
| | ) | Hearing Date and Time: |
| | ) | November 10, 2016 at 10:00 a.m. |

**NOTICE OF MOTION**

TO: Attached Service List

**PLEASE TAKE NOTICE THAT** on November 10, 2016, at 10:00 a.m., I shall appear before the Honorable Pamela S. Hollis, or any other judge sitting in her stead, in Room 644, 219 South Dearborn Street, Chicago, Illinois, and request a hearing on Debtor's Attorneys' Application for Allowance of Final Compensation and Reimbursement of Costs and Expenses, a copy of which is attached hereto and thereby served upon you.

**CERTIFICATE OF SERVICE**

I, the undersigned, an attorney, hereby state that pursuant to Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Filing System, I caused a copy of the foregoing NOTICE OF MOTION and APPLICATION to be served on all persons set forth on the attached Service List identified as Registrants through the Court's Electronic Notice for Registrants and, as to all other persons on the attached Service List by mailing a copy of same in an envelope properly addressed and with postage fully prepaid and by depositing same in the U.S. Mail, Chicago, Illinois, on the 17th day of October, 2016.

                                                /s/ Gregory K. Stern
                                                   Gregory K. Stern

Gregory K. Stern (Atty. ID #6183380)
Dennis E. Quaid (Atty. ID #02267012)
Monica C. O'Brien (Atty. ID #6216626)
Rachel S. Sandler (Atty. ID #6310248)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558

## SERVICE LIST

**Registrants Served Through The Court's Electronic Notice For Registrants**

Patrick S. Layng, United States Trustee
219 South Dearborn Street
Suite 873
Chicago, Illinois 60604

Hinshaw & Culbertson LLP
Richard B. Polony
William J. Connelly
222 North LaSalle Street
Suite 300
Chicago, Illinois 60601

**Parties Served Via U.S. Mail**

SSNN-2210 Midwest Road, LLC
Attn: Sunil Srivastava
P.O. Box 3124
Oak Brook, Illinois 60523-3124

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| SSNN-2210 Midwest Road, LLC , | ) | Case No. 14 B 27048 |
| | ) | |
| .            Debtor. | ) | Hon. Pamela S. Hollis |

**APPLICATION FOR ALLOWANCE OF FINAL COMPENSATION
AND REIMBURSEMENT OF COSTS AND EXPENSES**

Now Comes Gregory K. Stern, Dennis E. Quaid, Monica C. O'Brien, and Rachel S. Sandler of Gregory K. Stern, P.C. (the "Attorneys"), attorneys for SSNN-2210 Midwest Road, LLC, Debtor and Debtor In Possession, and, pursuant to § 330 of the Bankruptcy Code, request that this Court enter an order allowing final compensation of $139,126.50 for 283.00 hours of legal services rendered to the Chapter 11 Debtor In Possession, reimbursement of costs and expenses in the amount of $1,986.07 and payment of the unpaid balance of allowed compensation and reimbursement of costs and expenses totaling $54,350.50 and, in support thereof, state as follows:

1. On July 23, 2014, the Debtor filed a Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code; and, the Debtor, as Debtor In Possession, has continued in possession of its property, pursuant to §§ 1107 and 1108; and, no trustee has been appointed in this case.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157; and, this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. In accordance with Bankruptcy Rule 2002, notice of this Application has been sent to the Debtor, United States Trustee, all creditors and parties in interest.

4. On July 23, 2014, the Debtor and the Attorneys entered into an agreement whereby the Attorneys agreed to represent the Debtor in a Chapter 11 case in consideration for the Debtor's agreement to pay for professional services rendered in accordance with the Attorneys' hourly fee schedule in effect

from time to time. Prior to filing the Attorneys received an advance payment retainer in the amount of $25,000.00.

5. The rates at which the Attorneys seek compensation are at or below their usual and customary hourly rates charged for bankruptcy work of this nature, performed for other clients. At all times relevant hereto, the Attorney's hourly services have been billed as follows: Gregory K. Stern and Dennis E. Quaid $465.00; Monica C. O'Brien $440.00, and Rachel S. Sandler $300.00.

6. On August 26, 2014, this Court entered an Order Authorizing Employment of Attorneys (Docket No. 38) authorizing the employment of the Attorneys, as counsel for the Debtor as Debtor In Possession, with all compensation and reimbursement of expenses subject to further order of this Court.

7. On January 28, 2015, the Attorneys filed their First Application for Allowance of Interim Compensation and Reimbursement of Costs and Expenses (the "First Application") and Time Sheets reflecting 87.30 hours of professional services rendered from July 22, 2014 through January 26, 2015 (the "First Time Sheets) (Docket No. 88), which are incorporated herein and made a part hereof; and, on February 17, 2015, an Order Allowing Interim Compensation and Reimbursement of Costs and Expenses was entered (Docket No. 105) awarding $38,937.50 to the Attorneys for professional services rendered and $1,791.92 for costs expended.

8. On July 14, 2015, the Attorneys filed their Second Application for Allowance of Interim Compensation and Reimbursement of Costs and Expenses (the "Second Application") and Time Sheets reflecting 54.30 hours of professional services rendered from January 27, 2015 through July 10, 2015 (the "Second Time Sheets) (Docket No. 149), which are incorporated herein and made a part hereof; and, on August 6, 2015, an Order Allowing Interim Compensation and Reimbursement of Costs and Expenses was entered (Docket No. 156) awarding $24,132.00 to the Attorneys for professional services rendered and $20.60 for costs expended.

9. On February 11, 2016, the Attorneys filed their Third Application for Allowance of

Interim Compensation and Reimbursement of Costs and Expenses (the "Third Application") and Time Sheets reflecting 52.00 hours of professional services rendered from July 15, 2015 through February 10, 2016 (the "Third Time Sheets) (Docket No. 207), which are incorporated herein and made a part hereof; and, on March 3, 2016, an Order Allowing Interim Compensation and Reimbursement of Costs and Expenses was entered (Docket No. 213) awarding $22,945.00 to the Attorneys for professional services rendered and $66.60 for costs expended.

10.  The Attorneys have received post petition payments aggregating $59,882.42 towards the allowed interim compensation and reimbursement of costs awarded in the First, Second and Third Applications; and, the unpaid balance of allowed interim compensation and reimbursement of costs awarded in the First, Second and Third Applications is $1,131.58.

11.  The Attorneys have expended 89.00 hours of professional services from February 11, 2016 through October 14, 2016, as more fully set forth in the Time Sheets attached hereto and made a part hereof.

12.  The value of the 89.00 hours of professional services rendered by the Attorneys from February 11, 2016 through October 14, 2016, is $38,962.00.

13.  The professional services rendered from February 11, 2016 through October 14, 2016, are separated into four (4) service categories, which have been separated and identified solely for the purposes of summarizing with specificity the services rendered on behalf of the Debtor In Possession and for the benefit of its estate. These service categories and the professional time spent within each category are as follows:

| SERVICE CATEGORY | HOURS |
|---|---|
| A. General Case Administration | 7.30 |
| B. Cash Collateral | 6.30 |
| C. Plan and Disclosure Statement | 70.20 |
| D. Professionals | 5.20 |
| **TOTAL:** | **89.00** |

14. The professional services, provided from February 11, 2016 through October 14, 2016, were rendered within the service categories as follows:

A. **General Case Administration:** This service category involved 7.30 hours of services (Time Sheets, pages 1–3) that included: **1)** Communications with Debtor's management regarding representation of Debtor in Possession, operating reports, case status, notices, leasing efforts, real estate taxes, case goals and strategy; **2)** Teleconferences with creditors and creditors' attorneys regarding Chapter 11 case and real estate taxes; **3)** Investigation of filed claims; **4)** Review of Operating Reports; and, **5)** General case administration matters.

B. **Cash Collateral:** This service category involved 6.30 hours of services (Time Sheets, pages 4-5) that included: **1)** Communications with creditor's attorneys regarding budgetary issues, adequate protection payments and hearings on use of cash collateral; **2)** Drafting Orders Allowing Use of Cash Collateral; **3)** Communications with Debtor's management regarding DIP budgets, cash collateral hearings, and adequate protection payments; and, **5)** Representation at court hearings.

C. **Plan and Disclosure Statement:** This service category involved 70.20 hours of services (Time Sheets, pages 7-13) related to the Debtor's Plan and Disclosure Statement, and included the following: **1)** Draft amendments to Chapter 11 Plan of Reorganization and Statement of Cash Flow; **2)** Teleconferences, correspondence and meetings with Debtor's management regarding Plan, restructuring terms, negotiations with secured creditor, and preparation for contested hearing on adequacy of disclosure statement and confirmation of plan, **3)** Reviewing schedules, statement of financial affairs, pleadings, operating reports, pre and post petition reports from property manager, tenant leases, summary rent rolls, appraisals of the Midwest Property and financial documents of Richmond Chemical Corporation in preparation for contested confirmation hearing; **4)** Communications and meeting with Debtor's and Richmond Chemical Corporation's accountants regarding financial documents and explanation of same; and, **5)** Representation of Debtor at contested hearing on adequacy of Disclosure Statement and

confirmation of Plan.

    D.    **Professionals**:  This service category involved 5.20 hours of professional services (Time Sheets, page 14) that included: **1)** Court – Representation at hearing on Third Application for Allowance of Interim Compensation; **2)** Reviewing and revising Time Sheets; and, **3)** Drafting Application for Allowance of Final Compensation, Notices and Order.

    15.    That 283.00 hours of professional services were rendered from July 22, 2014 through October 14, 2016, that were separated into four (4) service categories, and the professional time spent within each category is as follows:

| SERVICE CATEGORY | HOURS | % TOTAL HOURS |
|---|---|---|
| A. General Case Administration | 78.20 | .28 |
| B. Cash Collateral | 40.00 | .14 |
| C. Plan and Disclosure Statement | 150.60 | .53 |
| D. Professionals | 14.20 | .05 |
| **TOTAL:** | **283.00** | **100%** |

    16.    That detailed narratives of the services rendered within each service category is contained in the First, Second and Third Applications and this Final Application.

    17.    All of the professional services performed were actual and necessary for the proper representation of the Debtor as Chapter 11 Debtor in Possession and in furtherance of the Debtor's reorganization; and, as such, all of the services rendered were authorized pursuant to this Court's Order Authorizing Employment Of Counsel and benefited the estate resulting in confirmation of the Debtor's plan of reorganization.  No time has been included for services that are in the nature of clerical work. The Attorneys further stating that there has been no duplication of services by Gregory K. Stern, Dennis E. Quaid, Monica C. O'Brien, or Rachel S. Sandler.

    18.    That the value of the 283.00 hours of professional services rendered by the Attorneys from July 22, 2014 through October 14, 2016, as calculated in accordance with the Attorneys hourly fee schedule in effect on July 22, 2014 is $124,976.50; and the unpaid balance of professional services

rendered to the Debtor, as Debtor In Possession and costs is $40,093.58.

19. Actual and necessary costs in the amount of $1,879.12 were expended by the Attorneys as detailed on the Time Sheets attached to the First, Second and Third Application. Actual and necessary costs in the amount of $106.95 have been expended by the Attorneys as detailed on Page 6 of the Time Sheets attached to this Final Application; and the total amount of actual and necessary costs in the amount of $1,986.07 have been expended by the Attorneys as detailed on the Time Sheets attached to the First, Second and Third Application and this Final Application. Costs include filing fees, postage, witness fees, court reporter costs, copying charges provided by an outside service, and copying charges at the rate of ten cents (.10) per copy.

20. This Chapter 11 was a single asset real estate case and involved what was essentially a two party dispute, between the Debtor and its secured lender, BMO Harris, as successor in interest to Amcore Bank. The Debtor filed its Chapter 11 case to stop the foreclosure proceedings of its real property after having had no success in consensually restructuring the BMO Harris mortgage debt on its real property. During the Chapter 11 the Debtor was unsuccessful in negotiating a consensual plan with BMO Harris. Accordingly, the Debtor filed it plan of reorganization which as amended provided for one hundred percent (100%) repayment to all of the Debtor's secured and unsecured creditors. BMO Harris objected to the adequacy of the Debtor's disclosure statement and confirmation of its plan of reorganization. After conducting an evidentiary hearing on the adequacy of the Debtor's disclosure statement and confirmation of its plan of reorganization the disclosure statement was approved and the plan of reorganization was confirmed. Although the issues present in this case were not terribly novel or complex the results obtained would not have been achievable but for the special skills and experience of the Attorneys.

21. This Court reviews fee awards under the "Lodestar" approach, which "requires a court to determine a reasonable hourly rate, compute the hours reasonably spent and possibly adjust that fee upwards or downwards for results." *In re East Peoria Hotel Corp.*, 145 B.R. 956, 961 (Bankr. C.D.

Illinois 1991). Generally, the "Loadstar" approached incorporates the following factors: "(1) the novelty and complexity of the issues; (2) the special skill and experience of counsel; (3) the quality of representation; and (4) the results obtained." *E.g., In re Price*, 143 B.R. 190, 198 (Bankr. N.D. Illinois 1992). However, if any of the factors are not fully reflected in the lodestar, the court can award an upward adjustment. *Id.* Specifically, in this case, the quality of services rendered is "superior to that one reasonably expects in light of the hourly rates charges, and [] the results were exceptional" to warrant fee enhancement. *Id.* at 197.

22. Throughout the Chapter 11 the Attorneys have sought compensation for services rendered in accordance with their hourly fee schedule in effect on July 22, 2014. The rates at which the Attorneys have sought compensation have been as follows: Gregory K. Stern and Dennis E. Quaid $465.00; Monica C. O'Brien $440.00, and Rachel S. Sandler $300.00. These hourly fees are below the hourly fees charged by the Attorneys' peers and others for work of this nature. Accordingly the Attorneys seeks an upward adjustment of their fees in the amount of $14,150.00 for the exceptional results achieved, which is equivalent to $50.00 per hour for the 283.00 hours of professional services rendered.

23. The Attorneys anticipate providing professional services to the Reorganized Debtor after October 14, 2016, on an as needed basis and will bill the Reorganized Debtor directly for all such professional services rendered in addition to the amounts sought herein.

**WHEREFORE**, Gregory K. Stern, Dennis E. Quaid, Monica C. O'Brien, and Rachel S. Sandler pray for entry of an Order, pursuant to §§ 330 and 331 of the Bankruptcy Code, allowing Gregory K. Stern, P.C. final compensation in the amount of $139,126.50 for actual and necessary professional services rendered and reimbursement in the amount of $1,986.07 for actual and necessary costs and expenses incurred; authorizing and directing the Debtor to pay the unpaid balance of allowed final compensation and reimbursement of costs and expenses of $54,350.53 as a priority cost of administration; and, for such other relief as this Court deems just.

By:   /s/ Gregory K. Stern
       Gregory K. Stern, Esq.

Gregory K. Stern (Atty. ID #6183380)
Dennis E. Quaid (Atty. ID #02267012)
Monica C. O'Brien (Atty. ID #6216626)
Rachel S. Sandler (Atty. ID #6310248)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558